E-FILED
Thursday, 25 April, 2019  09:39:08 AM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DEJON C. IRVING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No.  19-cv-1064 |
| ) | |
| STEVEN KALLIS, ) | |
| ) | |
| Respondent. ) | |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This matter is before the Court on Petitioner Dejon C. Irving's ("Petitioner" or "Irving") Petition for Writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1). For the reasons stated below, Petitioner's Petition (Doc. 1) is DENIED.

### I.     BACKGROUND

Irving pleaded guilty to one count of aggravated identity theft in violation of 18 U.S.C. § 1028(A)(1) in the United States District Court for the District of Utah.  See United States v. Irving, Case No. 2:17-cr-00341-003, Judgment (D. Utah); Resp. Ex. A. (Doc. 3-1). On March 5, 2018, Irving was sentenced to 24 months imprisonment.  Id.  He is currently serving his sentence in the

Federal Correctional Institution in Pekin, Illinois. His projected release date with good conduct time is April 29, 2019. *See* BOP Public Information Inmate Data, Resp. Attach. B (Doc. 3-2).

Irving filed this petition (Doc. 1) pursuant to 28 U.S.C. 2241 on February 28, 2019, seeking to compel the Federal Bureau of Prisons ("BOP") to recalculate his sentence to credit him with seven additional days of good conduct time pursuant to amendments affecting the calculation of good conduct time pursuant to the First Step Act.

Respondent filed his response on April 2, 2019 (Doc. 3). Irving has not filed a timely reply. This order follows.

## II. DISCUSSION

Irving's Petition must be dismissed both because he failed to exhaust his administrative remedies and because it is premature. While there is "no express exhaustion requirement in 28 U.S.C. § 2241, a district court is entitled to require a prisoner to exhaust the administrative remedies that the BOP offers before it will entertain a petition." Kane v. Zuercher, 344 F. App'x 267, 269 (7th Cir. 2009). See also McCarthy v. Madigan, 503 U.S. 140, 144, 112 S.Ct. 1081 (1992). Irving has made no attempt to exhaust his

administrative remedies and has not argued he should be excused for any reason.

Moreover, Irving's Petition is premature. Section 102(b)(1) of the First Step Act of 2018, Public Law 115-391, amended 18 U.S.C. § 3624(b)(1) to permit federal inmates to earn 54 days of good conduct time for each year of the sentence imposed. Under the current method, the BOP awards good conduct time based on a prisoner's time served, which allows a prisoner to earn only 47 days of good conduct time for each year of the sentenced imposed.

However, as Respondent points out, this provision has not yet come into effect. Pursuant to Section 102(b)(2) of the First Step Act of 2018, the amendments "shall take effect beginning on the date that the Attorney General completes and releases the risk and needs assessment system under subchapter D of chapter 229 of title 18, United States Code, as added by section 101(a) of this Act." Id. Section 101(a), in turn, does not require completion of the system until 210 days after the Act's enactment, which will be July 19, 2019. Accordingly, Irving's claim is premature, as the BOP is not yet required to change its calculation method.

Of course, the Court realizes that that this means Irving, whose currently projected release date is April 29, 2019, will not benefit from the First Step Act's amendments. However, it is up to Congress to determine the effective date of their statutes. While it is no doubt frustrating, Irving's position is no different than any other prisoner who served their time prior to the Act's effective date.

### III. CONCLUSION

Petitioner Irving's Petition for Writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is DENIED. THIS CASE IS CLOSED.

**ENTER: April 25, 2019**

**FOR THE COURT:**     <u>s/Sue E. Myerscough</u>
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**